# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.              CRIMINAL ACTION NO. 5:03-cr-00032-04

MARLAND WILLIS,

      Defendant.

### REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On March 10, 2011, the Defendant, Marland E. Willis, appeared in person and by counsel, Troy N. Giatras, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by John L. File, Assistant United States Attorney. United States Probation Officers Ruth Loftis and Winnie Staats were also present at the hearing.

On August 7, 2003, the Defendant was sentenced to a term of 54 months imprisonment, followed by a 3 year term of supervised release. The Defendant began serving the term of supervised release on January 31, 2007. On July 29, 2009, the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been

disclosed.  The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*, specifically:

1)  Violation of standard unnumbered condition: [The Defendant] shall not commit another federal, state, or local crime:

On June 17, 2009, the defendant was arrested by members of the West Virginia State Police, Oak Hill Department, after being found in possession of approximately 20 grams of cocaine base.  The defendant admits to purchasing said crack and has done so on other occasion[s].

In making these findings, the Court relied upon the information contained in the *Petition*, and the Defendant's statement that he admits the violation contained in the *Petition*.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **15 MONTHS**.  The defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons.  This sentence shall run consecutive to the 151 month sentence imposed in 2:09-cr-00225.

The Defendant was remanded to the custody of the United States Marshal.

2

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        March 15, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

3